IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY D. MILNER                                         PLAINTIFF

VS.                         CASE NO. 08-CV-4039

BOBBY CARLTON;
MEMS McKINNON; and
NEVADA COUNTY, AR                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed August 18, 2009, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 49). On August 27, 2009, the Plaintiff filed objections to the Magistrate's Report and Recommendation. (Doc. No. 50).

On May 9, 2008, the Plaintiff, Larry D. Milner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated by the Defendants when he was denied adequate medical care while being held in the Nevada County Jail from March 1, 2007 until April 2, 2007. Plaintiff has sued the Defendants in both their official and individual capacities. The parties have filed cross Motions for Summary Judgment. (Doc. Nos. 36 and 42).

In his Report and Recommendation, Judge Bryant found that the Plaintiff has articulated no custom, policy, and/or procedure of Nevada County which is responsible for his alleged constitutional violation. He also found no evidence of deliberate indifference on the part of the Defendants. Judge Bryant recommended that the Defendants' summary judgment motion be

granted and Plaintiff's summary judgment motion be denied.  The Plaintiff has filed objections to Judge Bryant's findings and recommendations.

Pursuant to 28 U.S.C. § 636(b)(1), the judge of the Court shall conduct a *de novo* review of the findings of the magistrate which are objected to and accept, reject, or modify the magistrate's findings and recommendations.  After reviewing the record *de novo,* the Court adopts Judge Bryant's Report and Recommendation as its own.

In response to Judge Bryant's findings that there was no evidence of a custom, policy or procedure in Nevada County that would support his official capacity claims against the Defendants, Plaintiff simply states that Defendant Bobby Carlton was the Sheriff of Nevada County and represented the county's interests in this matter.  To state a claim against the Defendants in their official capacities, Plaintiff must allege that there was a custom, policy or procedure in Nevada County that caused the alleged constitutional violation.  *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir. 1993).  Plaintiff has failed to articulate such a policy or custom in either his pleadings or his objections.  Without such an allegation, Plaintiff's claims against the Defendants in their official capacities must fail as a matter of law.

In response to Judge Bryant's finding that the Defendants in their individual capacities were not deliberately indifferent to his medical needs, Plaintiff restates his claims against the Defendants arguing that the delay in providing him with medical care amounted to deliberate indifference.  To make out a claim for deliberate medical indifference, a plaintiff must show acts or omissions that were "sufficiently harmful to evidence deliberate indifference to [his] serious medical needs."  *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  The standard for deliberate indifference includes an objective and a

subjective component. *Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995). Under this standard, the plaintiff must show 1) that he suffered from objectively serious medical needs, and 2) that prison officials actually knew of but deliberately disregarded those needs. *Jolly,* 205 F.3d at 1096. Deliberate indifference may be manifested by prison officials intentionally denying or delaying access to medical care, or interfering with an inmate's prescribed medical treatment. *Meloy v. Bachmeier,* 302 F.3d 845, 849 (8th Cir. 2002) (citing *Estelle,* 429 U.S. at 104-05). When a plaintiff alleges a delay in medical treatment, the objective seriousness of the deprivation is measured by reference to the effect of the delay in treatment. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997) (citing *Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir. 1997)). Thus, to succeed on such a claim, the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay. *Id.* Without such evidence, a claim of deliberate indifference to medical needs is precluded. *Id.*

  Here, Plaintiff's claim of deliberate indifference is based upon a delay in medical treatment. In order to succeed on such a claim, Plaintiff must place in the record verifying medical evidence showing that Defendants' alleged delay in medical care adversely affected his medical condition. Here, Plaintiff points to the consult report of Dr. Dharamsey. However, this report simply shows that in 2008 Plaintiff was diagnosed with Angina. There is no evidence that this diagnosis was the result of or aggravated by Defendants' alleged delay in medical care in March 2007. Accordingly, Plaintiff has failed to establish that the alleged delay in medical care adversely affected his medical condition. This failure precludes Plaintiff's claim of deliberate indifference to his medical needs. Thus, Plaintiff's claim against the Defendants in their individual capacities must fail as a matter of law.

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation and finds that Plaintiff has failed to show that the Defendants, in either their official or individual capacities, were deliberately indifferent to his medical needs. Accordingly, the Defendants' Motion for Summary Judgment (Doc. No. 42) should be and hereby is **granted** and Plaintiff's Motion for Summary Judgment (Doc. No. 36) should be and hereby is **denied**. Plaintiff's Complaint against the Defendants is hereby dismissed with prejudice.

IT IS SO ORDERED, this 9th day of September, 2009.

                                              /s/Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge